IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ESCOTT RENTALS, LLC, an, Oklahoma limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )   No. CIV-12-582-C ) |
| CANADIAN HILLS WIND, LLC, a Delaware limited liability company, | ) ) ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Defendant has filed a motion pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of Plaintiff's Complaint. According to Defendant, Plaintiff has failed to state a claim for nuisance under Oklahoma law. Plaintiff objects, arguing it has stated a valid claim for relief.

The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) has undergone some adjustment in the last five years. Beginning with the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court made clear that to survive a motion to dismiss a complaint must contain enough allegations of fact which taken as true "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. That is, a plaintiff must "nudge[] [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. Id.[*]

---

[*] The Court outlines the Rule 12(b)(6) standard in detail as Plaintiff's Response relies on law that has been supplanted by that set forth herein.

Under Oklahoma law, nuisance is defined as:

A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:

> First. Annoys, injures or endangers the comfort, repose, health, or safety of others; or
>
> Second. Offends decency; or
>
> Third. Unlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any lake or navigable river, stream, canal or basin, or any public park, square, street or highway; or
>
> Fourth. In any way renders other persons insecure in life, or in the use of property, provided, this section shall not apply to preexisting agricultural activities.

50 Okla. Stat. § 1. In resolving Defendant's motion, the Court must determine if Plaintiff has pleaded facts showing Defendant's actions would run afoul of this statute. Paragraph 12 of the Petition states: "If Canadian Hills Wind is allowed to construct the planned Transmission Line on the Easements, it will no longer be possible to conduct Flight Operations from Escott Property due to the unsafe conditions created by the height of the Transmission Line." (Dkt. No. 1, Exh. 1, ¶12). The Oklahoma Supreme Court has clarified the scope of the nuisance statute stating:

> Thus, the term "nuisance" signifies in law such a use of property or such a course of conduct irrespective of actual trespass against others, or of malicious or actual criminal intent, which transgresses the just restrictions upon use or conduct which the proximity of other persons or property imposes. It is a class of wrongs which arises from an unreasonable, unwarranted, or unlawful use by a person or entity of property lawfully possessed, but which works an obstruction or injury to the right of another.

Briscoe v. Harper Oil Co., 1985 OK 43, ¶ 9, 702 P.2d 33, 36.  Plaintiff has clearly pleaded that Defendant's proposed construction will interfere with Plaintiff's use of its property.  The only remaining question is whether or not that interference is unreasonable, unwarranted, or unlawful.  In clarifying the target of unreasonable inquiry, the Oklahoma Court of Civil Appeals, relying on Restatement (Second) of Torts § 822 comment b, stated:  "The plaintiff need not show that the defendant's actions were unreasonable; rather, it need only be shown that the resulting burden on the plaintiff is unreasonable."  N.C. Corff P'ship, Ltd. v. OXY USA, Inc., 1996 OK CIV APP 92, ¶ 21, 929 P.2d 288, 294.  As noted above, Plaintiff has pleaded that if Defendant is permitted to construct the line it will prevent Plaintiff from using its land as it has for the last several years.  The Court finds these allegations sufficient to state a claim for nuisance.  Defendant's motion will be denied.

For the reasons set forth herein, Defendant's Motion to Dismiss (Dkt. No. 8) is DENIED.

IT IS SO ORDERED this 23rd day of July, 2012.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge